(No. 3227—

P. M. HUPP, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1938.*

M. D. MORAHN, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

From the complaint filed herein it appears that the State had employed plaintiff to cut weeds along the highway on Route No. 69 at a section about ten miles north of Ottawa, Illinois; that plaintiff was to receive therefor the sum of Six ($6.00) Dollars per day for his services and the use of his team of mules and mowing machine. It further appears that on June 14, 1933, instead of plaintiff operating such mower he had one of his employees, named Dwain Hupp, mowing the grass and weeds. The complaint then recites that the State had negligently and carelessly permitted an old sharp rusty steel culvert to remain in the highway, and that because of its sharp jagged edges such culvert was dangerous to persons or livestock traveling along the side of the road; that plaintiff's employee did not know of the dangerous condition of the highway and was unable to see the culvert because of the high grass, and that he drove plaintiff's team of mules over and across the hole in the culvert and that one of the mules stepped into the hole thereby cutting its left hindfoot so bady that the mule had to be killed; for all of which claimant seeks an award of Two Hundred ($200.00) Dollars.

The Attorney General has filed a motion to dismiss the complaint as failing to state a legal ground for an award, and contends that no award can be properly paid to claimant under the facts alleged.

Claimant was the one apparently hired by the State to do the work in question. He saw fit to employ someone to take his place, who was not familiar with the conditions along the roadway. He contends however that the accident to his mule was due solely to the negligence of the employees of the State in permitting the dangerous culvert to remain in the highway. As the State cannot be held to respond in dam-

ages for the negligence or torts of its servants and employees in the absence of a special statute, the motion of the Attorney General must be allowed. A similar case appears in the matter of *Gust Calsyn* vs. *State,* C. of C. No. 2678, wherein the court held:

"The right of redress by an injured employee is fixed by the terms of the Workmen's Compensation Act, but there is no rule of law by which the State can be held to insure the property of an employee that is being used by such employee while in the discharge of his duties. The probability of such loss or damage is a risk incident to the employment."

When the Legislature created the Court of Claims and clothed it with power to hear claims against the State, it did not intend to waive the right of the State to interpose legal or equitable defenses to such demands. Before a claimant can have an award against the State he must show that he comes within the provisions of some law making the State liable to him for the amount claimed. As the complaint fails to state facts upon which an award could be made, the Motion of the Attorney General is allowed and the claim dismissed.